UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JACK R. PRYOR,<br>CHARMIN C PRYOR, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | No. 1:18-cv-02905-JPH-MPB |
| CHR. HANSEN INC.,<br>CITRUS & ALLIED ESSENCES, LTD.,<br>EVONIK INDUSTRIES, AG,<br>GIVAUDAN<br>    f/k/a TASTEMAKER, FRIES &<br>FRIES, MALLINCKRODT,<br>GOLD MEDAL PRODUCTS COMPANY,<br>H.B. TAYLOR COMPANY,<br>INTERNATIONAL BAKER'S SERVICES,<br>INC.,<br>INTERNATIONAL FLAVORS &<br>FRAGRANCES, INC.,<br>KERRY FLAVOR SYSTEMS US, LLC,<br>SENSIENT FLAVORS INTERNATIONAL,<br>INC.,<br>SYMRISE, INC., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION TO REMAND**

Plaintiffs Jack and Charmin Pryor filed a lawsuit against Defendants in the Marion County Superior Court seeking redress for injuries and damages allegedly caused by Jack Pryor's occupational exposure to chemicals. International Flavors & Fragrances, Inc. removed the case to this Court based on diversity jurisdiction, dkt. 1, and Plaintiffs filed a Motion to Remand in October 2018 followed by a Second Motion to Remand in December. For the reasons stated below, Plaintiffs' Second Motion is **GRANTED**. Dkt. [115].

1

# I.

# Factual and Procedural History

Jack Pryor, an Indiana citizen, has worked at the Weaver Popcorn Company production plant in Van Buren, Indiana for the last twenty-four years. [Dkt. 1-1 at 22](). He suffers from lung disease that he alleges was caused by his exposure to various chemicals used in the Weaver Plant to flavor the popcorn ("toxic flavorings"). *Id.* For these injuries, he and his wife sued eleven different companies for civil conspiracy, product liability, and fraudulent concealment. *Id.* at 29-46. Each of these companies allegedly manufactures or distributes the flavorings that are alleged to have caused Plaintiff's injuries. *Id.* at 23-26. Most of these companies operate outside of Indiana, but two of them—International Baker's Services, Inc. and Sensient Flavors International, Inc. (the "Indiana Defendants")—are Indiana citizens.

International Flavors & Fragrances, Inc. removed the case to this Court based on the Court's diversity jurisdiction. [Dkt. 62](). Recognizing that Plaintiffs and the Indiana Defendants are all Indiana citizens, International Flavors argues that the Indiana Defendants' citizenship should not be considered for diversity jurisdiction purposes because "there is no possibility that Plaintiffs can establish a cause of action" against them. *Id.* ¶ 5. According to International Flavors, the Indiana Defendants never sold or distributed any products to the Weaver Plant where Plaintiff worked, so they could not possibly have caused Plaintiff's injuries. The Indiana Defendants, therefore, have been

"fraudulently joined" as defendants in this case to defeat diversity jurisdiction, so their citizenship can be safely ignored. *Id.*

On December 10, 2018, Plaintiffs filed a Second Motion to Remand arguing that the Indiana Defendants were not fraudulently joined and that International Flavor's removal did not properly allege the Court's jurisdiction. [Dkt. 115](). International Flavors filed an opposition to Plaintiffs' motion, [dkt. 122](), to which Plaintiffs replied, [dkt. 123](). The Motion to Remand has been fully briefed and is now ripe for the Court's consideration.

## II.

## Analysis

Federal district courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). A district court cannot hear a case unless there is a clear statutory basis for its jurisdiction. *Id.* The removing party bears the burden of establishing this basis. *Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 352 (7th Cir. 2017). Here, Plaintiffs argue that International Flavor's Notice of Removal fails to establish the Court's jurisdiction because some of the jurisdictional allegations are based on "information and belief" and there is not complete diversity as required, despite International Flavor's argument that the Indiana Defendants were fraudulently joined. The Court will address each of these arguments in turn.

### A. Removal Based on Information and Belief

The Court may exercise diversity jurisdiction only if the parties are diverse and the amount in controversy exceeds $75,000 exclusive of cost and

3

fees.  28 U.S.C. § 1332(a).  When removing a case, a "naked declaration that there is diversity of citizenship is never sufficient." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007).  Rather, the removing party must allege jurisdiction based on personal knowledge—not just on its information and belief—to invoke the subject-matter jurisdiction of a federal court.  *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992).

Here, Plaintiffs claim that the Court should remand the case because International Flavors alleged the parties' citizenship based on its "information and belief" rather than its personal knowledge.  Dkt. 115 at 8-9.  The Court disagrees and finds that International Flavors has sufficiently alleged jurisdiction based on personal knowledge.  International Flavors has alleged the citizenship of each Defendant without using the phrase "information and belief."  Dkt. 62 ¶¶ 7-18.  These jurisdictional allegations are supported by an affidavit based on "personal knowledge", dkt. 62-5, and documents from the Defendants' Secretary of State Offices confirming their citizenship.  Dkts. 65-6—65-18.  This is enough to establish the Defendants' citizenship.

While International Flavors has alleged that Plaintiffs are citizens of Indiana based on its "information and belief," dkt. 62 ¶ 6, the Court is nevertheless satisfied that Plaintiffs' citizenship has been sufficiently established.  Plaintiffs themselves allege, and thus admit that, for diversity jurisdiction purposes, they are Indiana citizens.  Dkt. 1-1 at 26.  Indeed, Plaintiffs' Second Motion to Remand is premised on a lack of complete diversity

4

because, like Plaintiffs, two Defendants are Indiana citizens. Plaintiffs themselves are "in the best position to furnish evidence of their citizenship," and they have chosen not to challenge International Flavors' assertion of their citizenship. *Med. Assur. Co. v. Hellman*, 610 F.3d 371, 376 (7th Cir. 2010) (holding that the district court had jurisdiction when the case was removed based on the unchallenged citizenship of another party based on "information and belief").

Therefore, International Flavors has properly provided the citizenship of the parties, and the Court will not remand the case on this ground.

### B. Fraudulent Joinder

For the Court to have diversity jurisdiction, the suit must involve "citizens of different States." 28 U.S.C. § 1332(a)(1). Courts have interpreted this statute to "require complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). While acknowledging that complete diversity is lacking here, International Flavors argues that the Court should not consider the citizenship of the Indiana Defendants because they have been fraudulently joined. Under the doctrine of fraudulent joinder, the Court can ignore the citizenship of parties if "there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court . . . ." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). International Flavors bears the burden of establishing that Plaintiffs cannot succeed in their claims against the Indiana Defendants.

5

International Flavors bears "a heavy burden" in establishing fraudulent joinder on this ground. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). To succeed, it must convince the Court that there is no "reasonable possibility that a state court would rule against the non-diverse defendant." *Id.* In making this determination, the Court must resolve "all issues of fact *and law* in favor of the plaintiff." *Id.*

Plaintiffs brought claims of a civil conspiracy related to fraudulent concealment and various product liability claims against the Indiana Defendants. To succeed on their fraudulent joinder claim, International Flavors must demonstrate that Plaintiffs have "no chance of success" on any of these claims against the Indiana Defendants. For the reasons explained below, International Flavors has not cleared this high bar.

### 1. Civil Conspiracy

Under Indiana law, civil conspiracy occurs when two or more people engage in a "concerted action to accomplish an unlawful purpose or to accomplish some lawful purpose by unlawful means." *Boyle v. Anderson Fire Fighters Ass'n Local 1262, AFL-CIO*, 497 N.E.2d 1073, 1079 (Ind. Ct. App. 1986) (citing *Indianapolis Horse Patrol, Inc. v. Ward*, 217 N.E.2d 626 (Ind. 1966)).

Here, Plaintiffs allege that Defendants conspired through a trade association to conceal the health risks of their "toxic flavorings." Dkt. 1-1 at 29-33. Through this organization, Defendants disseminated false information about the toxic flavorings, claiming that they were safe despite knowing that

6

exposure could lead to lung disease. Dkt. 1-1 at 29-31. International Flavors argues that the Indiana Defendants cannot be liable for a civil conspiracy because the Indiana Defendants never sold any products to the Weaver Plant where Plaintiff worked. Therefore, the Indiana Defendants could not have injured Plaintiff.

But in a civil conspiracy, each co-conspirator may be held jointly liable for the damages resulting from a co-conspirator's tortious actions. *Boyle*, 497 N.E.2d at 1079; *Watkins v. Penn*, No. 1:06-cv-1473, 2007 WL 2265060, at *3 (S.D. Ind. Aug. 6, 2007). In fact, co-conspirators can be held jointly liable "for damages caused by the wrongful or contemptuous acts regardless of the degree of active participation." *SJS Refractory Co., LLC v. Empire Refractory Sales, Inc.*, 952 N.E.2d 758, 769 (Ind. Ct. App. 2011). In other words, a conspirator can be held liable for civil conspiracy even when that conspirator did not directly cause the plaintiff's injuries.

Here, International Flavors has not put forth evidence, or even alleged, that Plaintiffs' civil conspiracy claim cannot succeed against any of the alleged conspirators. Rather, International Flavors has only alleged that the claim cannot succeed against the two Indiana Defendants. But since all members of a conspiracy can be held jointly liable for the actions of its members—regardless of their level of participation—it is possible that the Indiana Defendants could be held liable for the injuries caused by the other members of the conspiracy. In short, even if the Indiana Defendants did not produce toxic flavorings that injured Plaintiff, they could be held jointly liable with the

7

Defendants that did. Therefore, International Flavors has not carried its burden of showing there is no reasonable possibility a state court could rule against the Indiana Defendants.

### 2. Product Liability

Plaintiffs also bring various product liability claims against Defendants. The Indiana Product Liability Act (the "Act") governs all actions by users or consumers against manufactures for physical harm caused by the manufacturer's products. Ind. Code § 34-20-1-1; *Stegemoller v. ACandS, Inc.*, 767 N.E.2d 974, 975 (Ind. 2002). The Act "govern[s] all product liability actions, whether the theory of liability is negligence or strict liability in tort." *Dague v. Piper Aircraft Corp.*, 418 N.E.2d 207, 212 (Ind. 1981).

Under the act, a manufacturer that places an unreasonably dangerous product into the stream of commerce is subject to liability for injuries caused by its product to users if:

> (1) that user or consumer is in the class of persons that the seller should reasonably foresee as being subject to the harm caused by the defective condition;
> (2) the seller is engaged in the business of selling the product; and
> (3) the product is expected to and does reach the user or consumer without substantial alteration in the condition in which the product is sold by the person sought to be held liable under this article.

Ind. Code § 34-20-2-1.

International Flavors argues that the Indiana Defendants cannot be liable under this statute because the Indiana Defendants did not supply—directly or indirectly—any products to the plant where Plaintiff worked. In support of this claim, International Flavors provides affidavits from an

8

employee for each Indiana Defendant. In these affidavits, the employees claim that they reviewed the "historic sales" of their products to their customers and concluded that "there have never been any direct sales of any products from [the Indiana Defendants] to the Weaver Popcorn plant at any time." Dkt. 62-2; dkt. 62-3. Further, their records "do not indicate that [the Indiana Defendants] ever sold any products to any other customers that were intended to ultimately be provided to the Weaver Popcorn plant." Dkt. 69-2; 69-3.

These statements are not enough to demonstrate that there is no reasonable possibility Plaintiffs could succeed on the product liability claims against the Indiana Defendants for two reasons. First, International Flavors' claim that the Indiana Defendants never sold any products to the Weaver Plant has limited value because it is based entirely on the records of "historic sales" the employees reviewed. For these records to foreclose the possibility of any sale to the Weaver Plant, the Indiana Defendants must have maintained and reviewed records of every sale to every customer for the last twenty-four years. The affidavits do not contain this information, so it is not possible to rule out the sale of any products to the Weaver Plant.

Second, regardless of who the Indiana Defendants may have "intended" their product to be provided to, liability under the Act extends to users "that the seller should reasonably foresee as being subject to the harm caused by the defective condition." Ind. Code § 34-20-2-1(a)(1). This means that manufacturers can be held liable for injuries to people who were not the intended users of a product but were still foreseeable users. For example, the

9

Act applies to a worker's spouse who suffered injuries from asbestos fibers brought home on her husband's clothing. *See Stegemoller*, 767 N.E.2d 974. The spouse may not have been the intended user of the product, but her eventual exposure was foreseeable. Similarly, here, the Indiana Defendants may not have intended Plaintiff's exposure to their product, but his eventual exposure may have been foreseeable since Plaintiff was an employee in a popcorn factory who regularly worked with popcorn-related chemicals.

Therefore, the Court finds that International Flavors has not met its "heavy burden" of showing that there is no "reasonable possibility" that Plaintiffs could prevail against the Indiana Defendants. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 764 (7th Cir. 2009). Because International Baker's Services, Inc. and Sensient Flavors International, Inc. are Indiana citizens along with Plaintiffs, complete diversity is lacking, and the Court does not have subject-matter jurisdiction over this case under 28 U.S.C. § 1332(a).

### III.
### Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiffs' Motion to Remand. Dkt. [115]. The Court **ORDERS** that this matter be **REMANDED** to the Marion County Superior Court. Because the Court lacks jurisdiction over the case, the Court also **DENIES** as moot all other pending motions, including the first motion to remand. Dkt. [14]; dkt. [35]; dkt. [62]; dkt. [85]; dkt. [90]; dkt. [92].

**SO ORDERED.**

Date: 3/5/2019

                                                   James Patrick Hanlon
                                                   United States District Judge
                                                   Southern District of Indiana

Distribution:

Tyler Marie Alford
LEWIS WAGNER LLP
talford@lewiswagner.com

Todd Christopher Barnes
GEORGE & FARINAS LLP
tb@georgeandfarinas.com

Paul E. Benson
MICHAEL BEST & FRIEDRICH LLP
pebenson@michaelbest.com

Jean Marie Blanton
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
jblanton@zsws.com

Christopher William Bloomer
KRIEG DEVALT LLP
cbloomer@kdlegal.com

Louis J. Britton
KIGHTLINGER & GRAY, LLP (Indianapolis)
lbritton@k-glaw.com

Sarah Elizabeth Broderick
GEORGE & FARINAS LLP
Sb@lgkflaw.com

Joyce D. Edelman
PORTER WRIGHT MORRIS & ARTHUR
jedelman@porterwright.com

Kathleen A. Musgrave Farinas
GEORGE & FARINAS, LLP
kf@lgkflaw.com

Emily J. Fitzgerald
SWANSON MARTIN & BELL LLP
efitzgerald@smbtrials.com

Linda S. George
GEORGE & FARINAS, LLP
lg@lgkflaw.com

Jason T. Gerken
PORTER WRIGHT MORRIS & ARTHUR LLP
jgerken@porterwright.com

Jazzmin Leah Gordon
QUARLES & BRADY LLP (Indianapolis)
jazzmin.gordon@quarles.com

Ryan L. Graham
PORTER WRIGHT MORRIS & ARTHUR LLP
rgraham@porterwright.com

Scott B. Hall
MOTLEY RICE LLC
sbhall@motleyrice.com

Timothy V. Hoffman
SANCHEZ DANIELS & HOFFMAN LLP
thoffman@sanchezdh.com

Michael Alan Holcomb
WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC
aholcomb@wwhgd.com

David Michael Holmes
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
David.Holmes@wilsonelser.com

Andrew W. Hull
HOOVER HULL TURNER LLP
awhull@hooverhullturner.com

Chelsea Steele Hyslop
FROST BROWN TODD LLC (Indianapolis)
chyslop@fbtlaw.com

David E. Kawala
SWANSON, MARTIN & BELL, LLP

dkawala@smbtrials.com

Christopher G. Kelly
HOLLAND & KNIGHT LLP
christopher.kelly@hklaw.com

Mercedes Logan
WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC
mlogan@wwhgd.com

Daniel M. Long
QUARLES & BRADY LLP (Indianapolis)
Dan.long@quarles.com

Mark J. R. Merkle
KRIEG DEVAULT LLP
mmerkle@kdlegal.com

Kimberly E. Ramundo
THOMPSON HINE LLP
kim.ramundo@thompsonhine.com

Andrew P. Rice
SANCHEZ DANIELS & HOFFMAN LLP
arice@sanchezdh.com

Stefani Rothermel
BRYAN CAVE LEIGHTON PAISNER LLP
One Metropolitan Square
211 North Broadway
Suite 3600
St. Louis, MO 63102-2750

Blake N. Shelby
FROST BROWN TODD LLC (Indianapolis)
bshelby@fbtlaw.com

Patrick A. Shoulders
ZIEMER STAYMAN WEITZEL & SHOULDERS
pshoulders@zsws.com

Richard K. Shoultz
LEWIS WAGNER LLP
rshoultz@lewiswagner.com

Katherine A. Skeele

HOLLAND & KNIGHT LLP
katherine.skeele@hklaw.com

Christopher D. Wagner
HOOVER HULL TURNER LLP
cwagner@hooverhullturner.com

Michelle M. Wahl
SWANSON MARTIN & BELL
mwahl@smbtrials.com

Ronald L. Wisniewski
SWANSON MARTIN & BELL, LLP
rwisniewski@smbtrials.com

Michael Wroblewski
KIGHTLINGER & GRAY, LLP (Indianapolis)
mwroblewski@k-glaw.com